IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| GLENN ALTMAN<br>   Plaintiff, | )<br>)<br>) CAUSE NO. 3:22-CV-401-DJH |
| v. | )<br>) |
| J. ALEXANDER'S RESTAURANTS, LLC<br>   Defendant. | ) Removed from Jefferson Circuit Court<br>) Civil Action No. 22-CI-002589<br>) |

## NOTICE OF REMOVAL

Please take notice that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, J. Alexander's Restaurants, LLC ("J. Alexander's"), by counsel, hereby files this Notice of Removal from the Jefferson Circuit court, Jefferson County, Kentucky, to the United States District Court for the Western District of Kentucky at Louisville. The grounds for removal are as follows:

### THE REMOVED CASE

1. J. Alexander's is a named Defendant in a personal injury lawsuit filed by Glenn Altman (hereinafter "Altman") on May 25, 2022 in the Jefferson Circuit Court, Jefferson County, Kentucky designated as case number 22-CI-002589. J. Alexander's was served with Plaintiff's Complaint on June 1, 2022. *See* Plaintiff's Complaint included as part of the state court records attached hereto as Exhibit 1. J. Alexander's filed its Answer to Plaintiff's Complaint on June 21, 2022. *See id.*

### PAPERS FROM REMOVED ACTION

2. As required by 28 U.S.C. § 1446(a), attached as Exhibit 1 are copies of all process, pleadings, orders and other papers or exhibits filed in the state court.

## THE REMOVAL IS TIMELY

3. Plaintiff's Complaint did not state a specific dollar amount of damages pursuant to Kentucky Rule of Civil Procedure 8.01(2). Rather, Plaintiff asserted that he is entitled to damages for, among other things, serious permanent injury to his leg, physical pain and suffering, mental anguish, post-traumatic stress disorder, medical and prescription expenses, risk of future complications, and hedonic damages. *See* Plaintiff's Complaint, Paragraph 11, included as part of the state court records attached hereto as Exhibit 1.

4. As examined in detail below, based on the allegations of Plaintiff's Complaint and Plaintiff's recent responses to J. Alexander's written discovery requests concerning his claimed damages, the amount-in-controversy more likely than not exceeds $75,000.00, exclusive of interest and costs.

5. Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(3), and has been filed within one (1) year of the commencement of the action under 28 U.S.C. § 1446(c)(1).

## THE VENUE REQUIREMENT IS MET

6. Venue of this removal is proper under 28 U.S.C. § 1441(a) in the United States District Court for the Western District of Kentucky, Louisville Division, because Jefferson Circuit Court, Jefferson County, Kentucky is within the Western District of Kentucky, Louisville Division.

## DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PROPERLY JOINED PARTIES

7. This civil action is within this Court's original jurisdiction under 28 U.S.C. § 1332, and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

8. In his Complaint, Plaintiff stated that he is a resident of Jefferson County, Kentucky. *See* Plaintiff's Complaint, Paragraph 1, included as part of the state court records attached hereto as Exhibit 1. Upon information and belief, Plaintiff was a citizen of Kentucky at the time he initiated the instant action.

9. Defendant, J. Alexander's Restaurants, LLC, is a Tennessee limited liability company whose sole member is J. Alexander's, LLC. J. Alexander's, LLC is a Tennessee limited liability company whose sole member is J. Alexander's Holdings, LLC. J. Alexander's Holdings, LLC is a Delaware limited liability company whose sole member is J. Alexander's Holdings, Inc., a Tennessee corporation. *See* Exhibit 2. J. Alexander's Holdings, Inc.'s principal place of business is located at 19219 Katy Fwy, Suite 500, Houston, TX 77094. *See id*. Consequently, J. Alexander's Restaurants, LLC was a citizen of Tennessee and Texas at the time Plaintiff initiated the instant action.

10. Because Plaintiff and Defendant are citizens of different states, complete diversity exists under 28 U.S.C. § 1332.

11. Because Defendant is not a citizen of the state in which it is seeking removal, removal is proper under 28 U.S.C. § 1441(b).

## THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

12. As noted above, this is a personal injury case in which Plaintiff is seeking damages for alleged serious permanent injury to his leg, physical and mental pain and suffering, medical bills, pharmaceutical bills, and other claimed compensatory damages. *See* Plaintiff's Complaint, Paragraph 11, included as part of the state court records attached hereto as Exhibit 1.

13. Plaintiff further claims that he is entitled to punitive damages in this case. *See* Plaintiff's Complaint, Paragraph 12, included as part of the state court records attached hereto as Exhibit 1.

14. In the Sixth Circuit, a defendant need only show, for purposes of diversity jurisdiction, that a plaintiff's claimed damages "more likely than not" exceed $75,000.00, exclusive of interests and costs. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).

15. Kentucky's Rules of Civil Procedure prohibit a plaintiff from quantifying damages in a complaint. Kentucky Rule of Civil Procedure 8.01(2). A defendant is permitted to assert the amount-in-controversy if the initial pleading seeks monetary damages, "but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A)(ii); *see also Jenkins v. Delta Air Lines, Inc.*, No. 3:18-CV-244-CRS, 2018 WL 6728571, at *2 (W.D. Ky. Dec. 21, 2018). In asserting the amount-in-controversy, a defendant is permitted to use "other paper" it receives after receiving the initial pleading. *Roesler v. Standard Fire Insurance Co.*, 2021 WL 3167234, at * 3 (W.D. Ky. July 27, 2021) (citing 28 U.S.C. § 1446(b). "Other paper" includes responses to written discovery requests. *Id.* at *4.

16. Here, Plaintiff seeks an unlimited amount of compensatory damages in his Complaint, along with punitive damages, costs, and all other relief to which he may be entitled. *See* Plaintiff's Complaint included as part of the state court records attached hereto as Exhibit 1.

17. In discovery, Plaintiff's itemized damages total $103,237.75, including $100,000.00 in pain and suffering, $2,737.75 in past medical expenses, and $500.00 in property damage. *See* Exhibit 3, Plaintiff's Answer to Interrogatory No. 20. Moreover, his total claimed

amount is expected to increase as Plaintiff has not yet determined the amounts he seeks for future medical expenses, diminution in his power to earn income, and lost wages.

18. Additionally, Plaintiff denied that the damages he is seeking in this action will never exceed the sum of $75,000.00. *See* Exhibit 4, Plaintiff's Response to Request for Admission.

19. Given that Plaintiff has itemized damages exceeding $75,000.00 in discovery, the amount-in-controversy necessary to invoke this Court's jurisdiction has been met by a preponderance of the evidence.

20. Further, District Courts sitting in Kentucky have held that the 30-day removal clock does not begin to run until the defendant could have "ascertained the case is one which is or has become removable," meaning receipt of discovery responses which establish the plaintiff's claimed damages exceed $75,000.00. *Roesler, supra,* at *4; *Hollowell v. Dematic Corp.*, 2022 WL 178593, (W.D. Ky. Jan. 19, 2022).

21. Defendant received Plaintiff's response to its Request for Admission on July 7, 2022. This was the first document which Defendant could "ascertain the case is one which is or has become removable," the 30-day removal clock began running on July 7, 2022. Defendant has, therefore, timely removed this action.

## FILING OF REMOVAL PAPERS

22. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be promptly served to Plaintiff's counsel, and a Notice of this removal is simultaneously being filed with the Clerk of the Circuit Court in and for Jefferson County, Kentucky.

23. Thus, this state-court action may be removed to this Court by this Defendant in accordance with the provisions of 28 U.S.C. § 1441(a) because: (1) this action is a civil action

pending within the jurisdiction of the United States District Court for the Western District of Kentucky, Louisville Division; (2) this action is between citizens of different states; and (3) the amount-in-controversy exceeds $75,000.00, exclusive of interest and costs.

WHEREFORE, Defendant, J. Alexander's Restaurants, LLC, hereby removes the above-captioned action from the Jefferson Circuit Court, Jefferson County, Kentucky, and requests that further proceeding be conducted in this Court as provided by law.

Respectfully submitted,

SCHILLER BARNES MALONEY PLLC

*/s/ Justin M. Schaefer*

---

Justin M. Schaefer, Esq.
Patrick A. Muldoon, Esq.
401 West Main Street, Suite 1600
Louisville, KY 40202
PH: (502) 625-1702
FAX: (502) 779-3566
jschaefer@sbmkylaw.com
pmuldoon@sbmkylaw.com
*Counsel for Defendant,*
*J. Alexander's Restaurants, LLC*